Rita P. **CAREY** et al., Plaintiffs,

v.

**Jack D. WHITE, Individually and as Secretary of Health & Social Services of the State of Delaware, et al., Defendants.**

Civ. A. No. 4722.

United States District Court,
D. Delaware.

April 10, 1974.

On Motion for Reargument May 8, 1974.

C. Waggaman Berl, Jr., Wilmington, Del., for plaintiffs.

Richard S. Gebelein, Deputy Atty. Gen., Wilmington, Del., for defendants.

## MEMORANDUM OPINION

STAPLETON, District Judge:

Plaintiffs in this action are five inmates at the Delaware State Hospital, Farnhurst, Delaware, a state institution for the care of the mentally ill. Seeking damages as well as injunctive and declaratory relief, they have brought suit against several present and former officials of the Delaware Department of Health and Social Services, that Department's Division of Mental Health and Retardation and the Delaware State Hospital. In their personal and official capacities, these individuals are alleged to have subjected plaintiffs to a "system of peonage" under which they have been required to perform menial labor against their will for nominal compensation. According to the plaintiffs' complaint, this "system of peonage" is an established practice at the hospital, applicable to all inmates, and is presently continuing. Pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, plaintiffs challenge the practice as a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the Thirteenth Amendment's prohibition against involuntary servitude and the Fourteenth Amendment's prohibition against the deprivation of life, liberty or property without due process of law. They also assert that the defendants are in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended in 1966 to extend minimum wage protection to State hospital employees. Before the Court is defendants' motion to dismiss.

Plaintiffs' claims for monetary recovery under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), are barred by the Eleventh Amendment. The Supreme Court has recently held that the doctrine of sovereign immunity embodied in that amendment precludes state employees from suing the state for unpaid wages owing under the Act.

Employees v. Missouri Public Health Department, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). While the State of Delaware has not been named as a defendant, it is nevertheless apparent from the complaint that the services for which the plaintiffs now seek minimum compensation were performed for an institution of the state and that the state, and not its individual officers, is the source of the wages which its employees receive. Section 16(b) of the Fair Labor Standards Act provides that "any employer who violates . . . this Act shall be liable to the employee or employees affected. . . ." For the purposes of this Section, the State alone stands in the position of an "employer" potentially subject to wage liability. Thus, if the plaintiffs prevail, their recovery will "involve substantial expenditures from the public funds of the state. . . ." Rothstein v. Wyman, 467 F.2d 226 (2nd Cir. 1972). When, as here, "the state is the real, substantial party in interest [it] is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

The plaintiffs are likewise barred from seeking injunctive relief under the Fair Labor Standards Act. It is settled that an action under Section 17, 29 U.S.C. § 217, which authorizes injunctions to restrain violations of the Act, may be maintained only by the Secretary of Labor and not by employees claiming to be aggrieved. Employees v. Missouri Public Health Department, *supra* at 285–286; Bowe v. Judson C. Burns, Inc., 137 F.2d 37 (3rd Cir. 1943).

Plaintiffs' legal and equitable claims under the Fair Labor Standards Act will, therefore, be dismissed from this suit.

Plaintiffs' constitutional claims under 42 U.S.C. §§ 1983, 1985 and 1988 stand on a different footing. To the extent that the defendants have been sued in their official capacity, they are, of course, immune from a monetary judgment under the Eleventh Amendment and the doctrine of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). However, the defendants have also been sued in their individual capacity. It may well develop that the defendants' role, if any, in the "system of peonage" here alleged was within the "scope of their official discretion" or taken in "good faith." Johnson v. Alldredge, 488 F.2d 820 (3rd Cir. 1973); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). In either case, the defendants may be able to escape monetary liability for any unconstitutional acts which the plaintiffs can demonstrate that they committed. But these grounds for immunity must be factually supported and, as yet, the defendants have offered no evidence on the subject. In a civil rights action under 18 U.S.C. § 1983 et seq., immunity is a defense to be asserted and then proven by those who conduct is allegedly unconstitutional. Plaintiffs do not, as the defendants contend, have the burden of alleging bad faith or an abuse of official discretion in their complaint. Accordingly, plaintiffs' claims for damages under 42 U.S.C. §§ 1983, 1985 and 1988 will not be dismissed.

The plaintiffs also seek injunctive and declaratory relief against the violations of their constitutional rights which they claim. The defendants have filed an affidavit by Dr. Kurt Anstreicher, Director of the Division of Mental Health and Retardation, indicating that, since the filing of the complaint, plaintiffs have been "removed from all work duties and functions" and that an order has been issued directing "that they not be reinstated to those functions." The affidavit further states that this action has been taken "consistent with our policy that only those patients who wish to work are allowed to work." Based on this affidavit, defendants assert that this case is moot as to these plaintiffs and that plaintiffs have no standing to

assert the rights of other patients at the institution.[1]

The complaint, however, alleges that plaintiffs, pursuant to a long established system at the institution, have been subjected for many years to forced labor with little or no compensation. If this allegation is true—and in view of the limited scope of the defendants' affidavit I consider myself bound for present purposes to accept it as true—I am not prepared to say that this case is moot as to the plaintiffs. When there has been a long continuing course of allegedly illegal conduct, a case brought by an aggrieved party to secure injunctive relief does not become moot simply because the defendant comes forward and promises to desist. Dyer v. SEC, 266 F.2d 33 (8th Cir. 1959).

It should be noted that the Anstreicher affidavit speaks only of a present policy against forced labor. Moreover, implicit in the affidavit is a suggestion that the system which is alleged by plaintiffs to have constituted forced labor has not been abandoned at the institution. It may well be that after further development of the facts it will appear that defendants have breached no duty owed to plaintiffs under the United States Constitution or that, even if such breaches have occurred in the past, the prerequisites for prospective relief are not present. I am unwilling to so hold, however, on the basis of the current record. Plaintiffs' claims for injunctive and declaratory relief under 42 U.S.C. §§ 1983, 1985 and 1988 will not be dismissed.

Defendants' motion to dismiss is granted in part and denied in part.

Submit order.

## ON MOTION FOR REARGUMENT

This case is currently before the Court on defendants' motion for reargument of certain matters decided in the Court's Memorandum Opinion of April 10, 1974. The motion for reargument will be denied. One contention raised by the defendants deserves further comment, however.

In their motion for reargument, defendants point for the first time to opinions of this Court which may be read to suggest that a plaintiff in a Section 1983 action seeking damages from a public official must plead facts which not only show that the defendant, acting under color of state law, has violated plaintiff's constitutional rights, but also that the defendant is not entitled to immunity from monetary recovery. See Hayes v. Cape Henlopen School District, 341 F.Supp. 823 (D.Del.1972); O'Brien v. Galloway, 362 F.Supp. 901, 904 (D. Del.1973); Rochester v. Baganz, 365 F. Supp. 179 (D.Del.1973). Based on these cases defendants maintain that "since bad faith or abuse of discretion is a necessary element to a claim for damages from individual defendants, when that claim is not alleged, the complaint fails to state a claim upon which relief can be granted."

While defendants' reliance on the above-cited cases is understandable, recent decisions of the Third Circuit Court of Appeals clearly indicate that their position cannot be sustained. In Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972) that court discussed the elements of a Section 1983 cause of action. There the court noted that:

". . . The Act prescribes two elements as requisite for recovery: (1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States. . . ."

The court in *Howell* went on to observe that "once there is recognition of the right sought to be vindicated, the proof of the deprivation proceeds 'against the background of tort liability.' Monroe v. Pape, *supra*, 365 U.S. at

---

1. This is not a class action.

187, 81 S.Ct. at 484." From this background, the court inferred a third requirement that the plaintiff must allege and prove "intentional performance" of conduct constituting a violation of the plaintiffs' federally secured rights.[2] The court made it clear, however, that the plaintiff need not plead and prove improper motivation or a specific intent to violate the plaintiff's rights. The intent required is simply an intention to do the act which is found to constitute such a violation.

There may, of course, be cases where pleading and proof of a violation of a federally secured right may entail pleading and proof of what might be referred to as "abuse of discretion." In Hayes v. Cape Henlopen School District, *supra,* for example, a public employee claimed that she had been discharged in violation of her right to substantive due process. The plaintiff in such a case must, of course, do more than allege that she was discharged from public employment. There must be an allegation that the decision of the official responsible for the discharge was arbitrary and without basis in fact, for otherwise no constitutional right has been violated. The mere fact that a discharge has occurred does not establish an abridgement of the right to substantive due process unless this additional element is pleaded and proved.

In this case, however, the rights sought to be vindicated are the rights to be free from involuntary servitude and from cruel and unusual punishment.[3] The defendants tacitly concede that the acts alleged in the complaint, if done "in bad faith," would constitute a violation of these rights. Their position is that bad faith or an abuse of discretion are essential elements of every Section 1983

claim. The *Howell* case is inconsistent with this position. In *Howell* the plaintiff claimed a violation of his right to be free from cruel and unusual punishment. The court clearly indicated that the presence of a violation turned on the effect of the defendant's actions on the plaintiff and not on the defendant's motivation. A claim of deprivation of the right to be free from involuntary servitude would clearly seem to fall into the same category.

This is not to say, of course, that the defendants will necessarily be liable for damages in this case in the event the plaintiff shows intentional conduct, under color of state law, which is found to have abridged plaintiffs' constitutional rights. As the courts have repeatedly recognized, public policy requires that public officials be accorded protection against personal liability in some circumstances despite the existence of a violation of constitutional rights. "Good faith," "bad faith," "exercise of discretion" and "abuse of discretion" are concepts which may have relevance in this context. But the recent decisions of the Third Circuit have indicated in unmistakable terms that these policy considerations provide the basis for defenses which might be pleaded and proved by the defendant.

In Fisher et al. v. Volz et al., 496 F.2d 333 (3rd Cir. 1974), the court had occasion to refer to the protection traditionally afforded a police officer who makes an arrest or search subsequently found to be unconstitutional. After recognizing that " 'good faith and probable cause' was a defense to a § 1983 action," the court there quoted with approval the following excerpt from Bivens v. Six Unknown Named Agents, 456 F.2d 1339, 1347–1348 (2nd Cir. 1972) ;

2. The court left open the question of whether recovery in a Section 1983 action could be based on culpable negligence.

3. In their complaint the plaintiffs have also alleged in conclusory language a violation of their Fourteenth Amendment right to be free from the deprivation of life, liberty and property without due process of law. The

parties have not, however, briefed the question of whether the complaint states a cause of action under the Fourteenth Amendment and the Court, accordingly, takes no position thereon. The point pressed in plaintiffs' motion for reargument is a broader one, the disposition of which does not require resolution of this issue.

The standard governing police conduct is composed of two elements, the first is subjective and the second is objective. *Thus the officer must allege and prove* not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable. (Emphasis supplied)

In Johnson v. Alldredge, 488 F.2d 820 (3rd Cir. 1973) the court spoke of executive immunity as a bar to the recovery of damages from a public official in some circumstances. Here again, however, the court conceptualized this doctrine of immunity as a matter of defense and not as something which the plaintiff must negative in his complaint. In the *Johnson* case, the Third Circuit held that the defendant prison guard, in contradistinction to the warden, could "not rely upon the [executive immunity] doctrine as a defense to . . . [the] action." [4] Moreover, in explaining its earlier opinion in Gaito v. Ellenbogen, 425 F.2d 845 (3rd Cir. 1970) it pointed out that the holding of the case was that the complaint failed to state a claim and indicated that the issue of whether the defendant was entitled to immunity was a separate matter which there had been no occasion to reach. See also Gross v. Fox, 496 F.2d 1153 (3rd Cir. 1974).

The plaintiff in a Section 1983 case must, of course, allege and prove that the defendant intentionally, or perhaps negligently, engaged in conduct which in fact constituted a violation of the plaintiff's constitutional rights. Howell v. Cataldi, 464 F.2d 272 (3rd Cir. 1972). The complaint in this action, fairly read, meets the pleading requirement in this respect. It was not necessary for the plaintiff to go further and plead facts showing that the defendants are not entitled to immunity from money damages.

While defendants' motion for reargument of the issues stated in their motion will be denied, the Court has concluded that it should, *sua sponte,* grant reargument on the issue of whether recovery under the Fair Labor Standards Act is barred by the Eleventh Amendment. Since the filing of the original opinion herein, the Court's attention has been called to the 1974 Amendments to the Fair Labor Standards Act. Those Amendments appear to purport to overrule the Supreme Court's decision in Employees v. Missouri Public Health Department and to create a cause of action for state employees against their employer. See Amended Sections 3(x) and 16(b). Arguably, Congress may have intended this Amendment to operate retroactively. See Amended Section 6 of "Portal to Portal Pay Act." Counsel should confer and attempt to reach agreement on a schedule for briefs which will address themselves to the effect of the 1974 Amendments to the Fair Labor Standards Act.

---

4. In the *Bivens* case the same view was articulated by the Second Circuit when it spoke of executive immunity in the following terms:

Once it has been established that the officers were acting within the scope of their authority, in order to be immune *they must show* that they perform "discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority." Barr v. Matteo, *supra,* 360 U.S. 564, 575, 79 S.Ct. 1335, 1341 [3 L. Ed.2d 1434] (1959). (Emphasis supplied).