Shirley A. HANSHAW, and Judith Bisno, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

DELAWARE TECHNICAL & COMMUNITY COLLEGE et al., Defendants.

Civ. A. No. 74–196.

United States District Court, D. Delaware.

Nov. 7, 1975.

Sheldon N. Sandler and Thomas Stephen Neuberger of Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiffs.

Barry W. Meekins, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendant Del. Technical & Community College and individual defendants in their official capacities.

Steven J. Rothschild of Prickett, Ward, Burt & Sanders, Wilmington, Del., for the individual defendants in their individual capacities.

## OPINION

SCHWARTZ, District Judge.

This civil rights action [1] was brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended [all hereinafter by section number only]. The plaintiffs seek both damages (including back pay) and injunctive relief. Certain of the defendants have moved to dismiss the action as to themselves for failure by the plaintiffs to comply with certain requirements of Title VII; failure to state claims against the defendants as individuals; and on grounds of various types of immunity allegedly enjoyed by the defendants, including the Eleventh Amendment and official immunity. For reasons stated hereinafter, the Court denies all motions, except as to the Title VII claim against defendant Benjamin Whaley.

An understanding of the array of motions brought before the Court requires that the facts of this case be described in detail. The individual plaintiffs are academic employees [2] at certain of the campuses of the institutional defendant. The defendants include the Delaware Technical and Community College ("Del Tech"); its Board of Trustees; the membership of the Board of Trustees in their individual and official capacities; the President of Del Tech and two "campus directors" [3] in their respective individual and official capacities.

Plaintiff Hanshaw, a black female, who was a signator to a previous charge of discrimination against Del Tech by a different employee,[4] makes allegations that she was paid a lower salary than that paid to those not members of the purported class; that she was refused a promotion to chair a department; that these actions were based on her race, sex, and her signing of the prior charge; and that such treatment is typical of the treatment of blacks, women and those who signed the previous charge.

Plaintiff Bisno, a white female, alleges she was paid a lower salary than those similarly qualified. Further, she urges she was hired in a capacity created to allow a lower salary to be paid her than paid to non-members of the purported class, who did the same or similar work. She alleges that the discrimination was because of her sex, and because of her signing the previous charge against Del Tech; and that such treatment was typical of the defendants' treatment of women and signers of the charge.[5]

The defendants have brought various motions to dismiss. The individual defendants, in their non-official capacities, brought a motion to dismiss the counts under Title VII on the grounds that they are not proper parties; that they were not named in the charge filed be-

---

1. The complaint makes allegations to support a claim for class action relief. No request for certification of the class has yet been made, however, and the Court here makes no such determination.

2. Since certain of the claims made by the plaintiffs relate to allegedly discriminatory patterns of job titling and salary, use of job titles with reference to specific positions is avoided. There is no evidence in the record as to what, if any, different responsibilities there are among, e. g., "educational technicians," "provisional instructors," and "instructors." For convenience, the plaintiffs are referred to as "academic employees."

3. Del Tech and the offices of its associated official defendants were created pursuant to authority granted by 14 Del.Code § 9103 et seq., and actions taken thereunder.

4. This charge was the subject of a prior suit in this District, Schell v. Board of Trustees of Delaware Technical and Community College, C.A. No. 4673 (D.Del. July 31, 1973).

5. The Third Circuit requires specificity of detail in complaints alleging civil rights violations. Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967); and see, Carr v. Sharp, 454 F.2d 271 (3d Cir. 1971); Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971); Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970).

Without expanding this opinion unnecessarily, it is sufficient to say that the defendants have not contended that the complaint does not meet these requirements; and the Court is satisfied after its own examination that the complaint alleges in sufficient detail and specificity a civil rights violation.

fore the EEOC; that there has been a failure by the plaintiffs to allege compliance with the provisions of section 2000e–5(c); and that punitive and compensatory damages are not allowed under Title VII. The same defendants have moved to dismiss the counts brought under sections 1981, 1983 and 1985 on the grounds that an adequate remedy exists under Title VII; that plaintiffs allege no acts by these defendants as individuals; and that they have immunity as government officials. All of the defendants, including the individual defendants in their official capacities, moved to dismiss the counts on certain other grounds: As to the entire complaint, the defendants claim the suit is barred by the Eleventh Amendment. As to the claims brought pursuant to sections 1983 and 1985, the defendants claimed that the State, as the purported real party defendant, is not a "person" within those statutes. And, as to the claimed jurisdiction under 28 U.S.C. § 1343(3), the defendants contend such jurisdiction does not extend to money damages. The same defendants claim, as to the actions brought pursuant to Title VII, that as officials they are not proper parties under section 2000e–5 and that there has been no allegation of compliance with the requirements of section 2000e–5(c). As to the action under sections 1981–85, they contend that the remedy under Title VII is adequate. Finally, the official defendants argue that the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, does not confer jurisdiction.

The issues were extensively briefed by the parties and oral argument on the matter was heard following consolidation of the motions. Since the motions and other papers filed herein were accompanied by affidavits, the motions have been treated as motions for summary judgments. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Scott v. University of Delaware,* 385 F.Supp. 937, 940 (D.Del.1974). For convenience, the motions are treated in the order in which they were submitted to the Court.

## I. MOTIONS OF THE INDIVIDUAL DEFENDANTS IN THEIR NON-OFFICIAL CAPACITIES

### A. *Title VII*

#### 1. *That Defendants Are Not Proper Parties*

The individual defendants contend they are not within the definition of "employer" as stated in 42 U.S.C. § 2000e (b),[6] and therefore are not proper parties under section 2000e–5. This contention, if true, would result in a lack of jurisdiction over the defendants under Title VII. Defendants base their contention on the determination in *Gordenstein v. University of Delaware,* 381 F.Supp. 718 (D.Del.1974), that the University was the "master" in the employment situation, not the members of the Board of Trustees, and that, therefore, members of the Board were not liable under *respondeat superior* in an action brought pursuant to 42 U.S.C. § 1983.

The defendants' contention, however, fails to take into account the definition provided for employer under section 2000e(b). Since subsection (a) of section 2000e specifically includes descriptions of several types of entities as "persons",[7] it is not necessary for the members of the Board to be a "person having fifteen or more employees," if the Board members can be considered agents of an institution which is such a person.

---

6. "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person* . . ." [Emphasis added.] 42 U.S.C. § 2000e(b).

7. Amended by PL 92–261, 86 Stat. 103, § 2(1). For an explanation of the purpose of the amendments, see House Report No. 92–238, and the Conference Report on HR 1746, reprinted in 1972 U.S.Code Cong. and Admin. News, Vol. 2 at p. 2137.

It is clear under the definition provided in subsection (a) of section 2000e that Del Tech is a "person" and is, therefore, an employer under subsection (b).[8] The Court need not conclude here that Del Tech is a State agency, *but cf.,* 14 °Del.Code § 9102, since if it is not, it is an "unincorporated association" or a "trust" also specifically within the definition.[9]

■■ The Court does not here decide that the individual defendants are agents of the institution. The burden of proving facts to support grant of a summary judgment motion is on the movant. At this juncture the defendants have failed to establish they are not agents. See 6 *Moore's Federal Practice* ¶ 56.13[3]. As a matter of law, the Board members may be inferred to be agents. By Delaware law, they are given specific powers and duties, to be carried out in the name of and on behalf of Del Tech. See 14 Del.Code § 9105. Since the Board may act only through its members, there is a substantial possibility not negated by the present record, that Board actions accorded with the wishes of the individuals. Indeed, the members' affidavits show that each member of the Board acted as an individual in considering issues before it.[10] Without a stronger showing, the officers cannot divorce themselves from this implied agency. The decisions in *Gordenstein, supra,* and *Carey v. White,* 375 F.Supp. 1327, 1329 (D.Del.1974), aside from not being Title VII claims, do not

bar this result, since they left open the question of whether persons in the position of superiors of the plaintiff, such as members of a board, might be agents of the organization, deciding only that the organization was itself the employer. This conclusion is especially strong as it applies to the defendants Weatherly, Whaley and Faucett, who are officers of the institution.

2. *The Defendants Were Not Named In The Complaint Filed Before the EEOC*

■ The defendants contend plaintiffs have failed to comply with the requirements of section 2000e–5(f)(1), which allows for the filing of a civil complaint only against those who are "respondents" to the charge filed before the EEOC. *Scott v. University of Delaware, supra* at 940–43, has made clear that the function of the section 2000e–5(f)(1) notice requirement is to allow for voluntary compliance wherever possible. *Id.* at 941. Further, it is now settled that the Title VII notice requirement will be interpreted in such a way that it is satisfied if the person sought to be included as a defendant knew or should have known that his conduct might be the subject of the inquiry at issue. *Scott v. University of Delaware, supra; Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973).

■ In the instant case, the documents filed before the EEOC and the

8. "The term 'person' includes . . . governments, government agencies, . . . associations, corporations, . . . trusts, unincorporated organizations, trustees . . .."

9. There is apparently no dispute that Del Tech has more than fifteen employees, and is otherwise within Title VII, if it does not enjoy Eleventh Amendment immunity. See, *infra,* part II.

10. Whether such consideration took place as a private person or as an officer is of no import here. Title VII actions do not contain the "under color of state law" problems associated with section 1983 actions. If the person against whom the complaint is filed is within the definition of "employer," his "capacity" during the alleged discriminatory

events is irrelevant, so long as the alleged discrimination relates to employment. Nor is this Court impressed with the defendants' "official"—"individual" dichotomy. Persons acting as officials are liable for their tortious actions as individuals; their official capacity relates only to potential immunity for certain kinds of discretionary decisions for which they might otherwise be liable. For that reason, this Court speaks of the matters as "official" and "non-official" not as individual and non-individual. There are, of course, situations where actions are taken only by whole bodies, which some individual members oppose. That situation is not present in the record of this case.

Delaware Department of Labor (Exhibits A, B and C), while naming Del Tech as the "employer," list as "others who have discriminated against you," the "Board of Trustees"; "Paul Weatherly, President"; and "William Faucett, Executive Director" (Exhibit B only). The plaintiffs urge on that basis that all the defendants except defendant Whaley should have known that they were the subject of a charge of discrimination. Each defendant has by affidavit stated that he or she was not notified by the EEOC; defendants also urge that from a mere reading of the documents they should not have known that they were being charged as individuals, i. e., non-officials. As to defendants Weatherly and Faucett, the second ground is somewhat weaker, since they were clearly named separately as alleged violators. Nonetheless, as to all the defendants, except defendant Whaley, it is concluded that the present record does not negate the possibility that the defendants "should have known" that their conduct was being questioned. Plaintiffs will, therefore, be entitled to prove that the members of the Board of Trustees and the officers named in the various charges filed with the State and the EEOC received sufficient notice that they were potential defendants in a Title VII action.

The claims of "capacity" raised by defendants have no relevancy here. If they knew or should have known that their actions were allegedly discriminatory, then notice to the defendants was to them as individuals and any corrective action would have to be taken by them individually. Defendants' motion on this ground is therefore denied, except as to defendant Whaley, as to whom this action insofar as it relates to Title VII will be dismissed.

### 3. Failure To Comply With Section 2000e–5(c)

■ Defendants contend plaintiffs' complaint did not set forth allegations that the plaintiffs had complied with the requirement of section 2000e–5(c),

that if there are state processes available to remedy the discrimination charged, that such processes be exhausted first, at least to the extent of filing with the State agency and allowing sixty days for action to be taken. This contention is without merit. The complaint contains an allegation that "all timeliness requirements" have been met; although such an allegation is not specific, plaintiffs introduced by affidavits a copy of the charge filed before the Delaware Department of Labor and it is clear from the document that the requisite period has run. Defendants' motion on the asserted timeliness ground is therefore denied.

### 4. Compensatory And Punitive Damages

■ Defendants contend that plaintiffs' request for certain damages should be dismissed, urging that punitive and compensatory damages are beyond the relief provided under section 2000e–5(g) which allows for the order of the Court upon a determination of violation to include back pay. The remedy requested is specifically not limited to back pay, however, but rather is to include such "other equitable relief as the court deems appropriate." *Id.* Under appropriate circumstances, where the injuries accruing to the plaintiff by reason of the discriminatory activities include more than back pay, or where the activities of the employer were such as to give rise to punitive liability, such damages might be available under statutes other than Title VII. *See generally Loo v. Gerarge,* 374 F.Supp. 1338 (D.Haw. 1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974); *Van Hoomissen v. Xerox Corp., supra; Gerstle v. Continental Airlines, Inc.,* 358 F.Supp. 545 (D.Colo.1973); *Spurlock v. United Airlines, Inc.,* 330 F.Supp. 228 (D.Colo. 1971), *aff'd,* 475 F.2d 216 (10th Cir. 1972). This Court need not now decide that issue since the limits imposed by the equitable nature of the relief granted under section 2000e–5(g) do not apply to the causes of action under sections 1981, 1983 and 1985. For reasons discussed *infra,* those causes of action will

remain to be litigated against the defendants. A determination of damage claims must therefore await a full hearing. Defendants' motion is denied.

**B.** *As to Section 1981, 1983 and 1985*

**1.** *Adequate Remedy Under Title VII*

■ The defendants contend an adequate remedy for all of plaintiffs' causes of action is provided by Title VII, and that therefore an action may not be maintained under the 1870 and 1871 civil rights statutes. There is no need to prolong this opinion by extensive analysis of differences between the two actions. This Court is satisfied that actions under section 2000e are entirely separate from those under section 1981 *et seq., cf., Macklin v. Spector Freight Systems,* 156 U.S.App.D.C. 69, 478 F.2d 979, 993–94 (1973). The plaintiffs are entitled to pursue their rights under both sets of statutes. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 and n. 7, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). There will be time enough to sort out the damages claimed and to prevent any double recoveries upon the completion of this action. Defendant's motion is denied.

**2.** *Individual Acts*

■ Defendants move to dismiss the action on the grounds that the complaint contains no allegations of activities by them as individuals, i. e., non-officials, and that, therefore, no cause of action against them as individuals is stated under sections 1981 *et seq. See, Pelisek v. Trevor State Graded School District,* 371 F.Supp. 1064 (E.D.Wis.1974); *Lessard v. Van Dale,* 318 F.Supp. 74 (E.D. Wis.1970); *Abel v. Gousha,* 313 F.Supp. 1030 (E.D.Wis.1970). *See also, Carey v. White,* 375 F.Supp. 1327 (D.Del.1974).

The underlying contention of the defendants that their actions as individuals are separate from their actions as officials is unacceptable.[11] The actions taken by the defendants as members of the Board were taken as individuals who hold particular offices and have particular authority or responsibility. Where individuals act "within the sphere of official responsibility," they may be held liable for action taken unreasonably or with malicious intent. *See, Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

Any other result would be unsupportable in principle or by application of common sense. Defendants would have the Court assume that their official actions and their individual actions are a dichotomy; that no knowledge of one exists as the individual functions in the other mode. The more natural understanding that one is responsible for his actions, whether taken for personal gain, or for some other reason is far preferable. The Court is satisfied that the complaint alleges discriminatory activities by the members of the Board of Trustees and the individual officers. That these actions were taken while they were acting in a capacity for the benefit of another (Del Tech) in no way lessens their responsibility during that time to conform their conduct to the requirements of law. In those claims arising under sections 1981, 1983 and 1985, there is no need for the discriminatory activities to be related to employment. While the defendants must be proven to have been acting under color of state law as to section 1983, the deprivation of plaintiffs' rights may be for purely personal motives of defendants and still be actionable. Defendants' motion is denied.

**3.** *Immunity as Officers*

■ The defendants contend their acts and decisions are discretionary in nature, rather than merely ministerial, and are clothed with an immunity pro-

---

11. On the present record, it does not appear that individuals are sought to be held liable for action taken by a corporate body of which they are a member and which they as an individual member opposed. See n. 10, *supra.*

tecting them from liability for damages. *See, Fidtler v. Rundle,* 497 F.2d 794 (3d Cir. 1974); *Skehan v. Board of Trustees of Bloomsburg State College,* 501 F.2d 31 (3d Cir. 1974), vacated, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975). Defendants contend that the recent decision of the Supreme Court in *Wood v. Strickland, supra,* did not disturb official immunity as it applied to discretionary actions.[12]

The decision in *Wood* has effectively destroyed the previous dichotomy between discretionary and ministerial acts, and has replaced it with a standard of "good faith" as to all actions.[13] *See, Chaudoin v. Atkinson,* 406 F.Supp. 32 (D.Del.1975).[14]

Defendants, recognizing that *Wood* may have created a "good faith" rule, urged at oral argument that the affidavits submitted by them, not contravened by affidavits from the plaintiffs, establish the necessary good faith; *see* Fed.Rules of Civ.Proc., Rule 56(e).

The language of the affidavits,[15] perhaps sufficient under the earlier decisions of *Fidtler* and *Skehan,* is not sufficient to require a finding under *Wood.* The *Wood* test is both objective and subjective: liability may be found if the offender "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [academic employee] affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the [academic employee]." *Cf. Wood v. Strickland,* 420 U.S. at 322, 95 S.Ct. at 1001.

■ Assuming *arguendo* the affidavits to be true, they do no more than tend to establish that the defendants did not act with malicious intention. The issues of malicious intention to deprive plaintiffs of constitutional rights and whether the defendants knew or should have known that their actions were violative of plaintiffs' civil rights must await determination of a fuller record than is present here.[16] The issues are, therefore, preserved for trial; the motion of the defendants predicated upon official immunity is denied.

## II. MOTIONS BY THE INSTITUTIONAL DEFENDANT AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY

### A. *The State As Party*

The defendants claim that although the State of Delaware is not a named

12. In *Wood,* the Supreme Court held that school officials hold an immunity for actions taken in the suspension of two students, but limited that immunity to one based on objective and subjective good faith.

In light of the Supreme Court's vacation of *Skehan, supra,* on the basis of *Wood,* and of statements in *Wood,* 420 U.S. at 315 n. 7, 95 S.Ct. 992, defendants' contentions are not strong. The point is not clearly defeated, however, since the vacation of a judgment is of little precedential value.

13. "We think there must be a degree of immunity if the work of the schools is to go forward; and, however worded, the immunity must be such that public school officials understand that action taken in good-faith fulfillment of their responsibilities and within the bounds of reason under all the circumstances will not be punished and they need not exercise their discretion with undue timidity." 420 U.S. at 321, 95 S.Ct. at 1000.

14. "[T]here can be no immunity, even where the official has acted without intending to deprive the plaintiff of his constitutional rights, if a reasonable man in the defendant's position would have realized that his action would have that effect." *Chaudoin* at 35.

15. E. g., "4. All action taken by me in my official capacity while on the Board of Trustees respecting hiring, firing, recruitment, promotion, supervision, wages, terms, conditions and privileges of employment were taken with an honesty of intention and in good faith and upon the reasonable belief that such actions are proper and permissible . . . ."

16. Since these motions are treated as for summary judgment, the burden of establishing the facts necessary to constitute the defense rests on the movant. There being no evidence in the record on the issue of knowledge, the motion can be denied on that basis alone. *See Carey v. White,* 375 F.Supp. at 1329.

party, the State is the real party in interest, and the entire action must be dismissed under the Eleventh Amendment. The defendants further argue that as to the cause of action arising under sections 1983 and 1985, the State is not a "'person" within the meaning of those statutes. Whether the party in interest is the State and therefore not a person within the meaning of sections 1983 and 1985 [17] is determined by reference to the same factors relevant to the issue of whether the Eleventh Amendment is a bar to suit.[18] They are treated together here.[19]

The issue in each instance is to be determined by analyzing the relationship between the purported State agency and the State, to determine whether there is such an identity of interest between the two that the suit against the agency is in fact one against the State.[20] State law defining the relationship between the agency and the State must be considered with other factors which include whether, if the plaintiff prevails, the judgment must inevitably be paid from the state treasury;[21] whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; whether it has autonomy over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation, and whether

the State has immunized itself from responsibility for the agency's operations.[22]

In weighing these factors, this Court has been somewhat hampered by the incomplete record presented to it. It is apparent from Delaware State law that the state denominates Del Tech as a State agency. 14 Del.Code § 9102. On the other hand, the Board of Trustees is given explicit power to make contracts; to sue and be sued; to receive gifts and grants from any source; to condemn property; and apparently has sole control over the operation of the institution in accordance with State law. 14 Del.Code § 9105.

The defendants urge that under *Urbano* and *Edelman,* the important question is whether a judgment must be satisfied from the State treasury. The Supreme Court in *Edelman* treated the issue as one relating to the inevitability of payments from the State treasury to cover the accrued liability. 415 U.S. at 664–65, 94 S.Ct. 1347. Defendants' counsel, in a brief and therefore not in the record before the Court, informed the Court that despite the power of the Board of Trustees to accept gifts, that no such gifts had been forthcoming, and that the funds of Del Tech were those of the State.[23]

An analysis of the statutory powers of the defendant indicates that there is, at the least, a substantial prob-

17. *United States ex rel. Gittlemacker v. Philadelphia,* 413 F.2d 84 (3d Cir. 1969) ; *See, Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) ; *Boyce v. Alexis I. duPont School District,* 341 F.Supp. 672 (D.Del.1972) ; *Conway v. Alfred I. duPont School District,* 333 F.Supp. 1217 (D.Del. 1971).

18. *See, Gordenstein v. University of Delaware,* 381 F.Supp. at 725.

19. It is apparent that insofar as prospective injunctive relief is sought, the suit is not within the Eleventh Amendment as to the individual defendants. The allegations are those of unconstitutional and illegal action, and therefore within the rule of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and *Edelman v. Jordan,* 415 U.S. 651 at 664, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment bar would

appear here to cover only the damage claims against the institutional defendant. Potential liability of individual defendants under Title VII and the Civil Rights Acts, should discriminatory activity be proven, has been previously discussed, *supra* pps. 297–298.

20. *King v. Ceasar Rodney School District,* 396 F.Supp. 423, at 425 (D.Del.1975) and cases cited therein.

21. *See, Edelman v. Jordan, supra.*

22. *See, Morris v. Board of Education of Laurel School District,* 401 F.Supp. 188 (D.Del. 1975) ; *King, supra,* 396 F.Supp. at 425–426; and *see, Urbano v. Board of Managers of New Jersey State Prison,* 415 F.2d 247, 250–251 (3d Cir. 1969).

23. *Cf. Hutchison v. Lake Oswege School Dist. No. 7,* 519 F.2d 961, 966–67 (9th Cir. 1975).

lem as to whether Del Tech is a State agency independent of the State for Eleventh Amendment purposes and a "person" under sections 1983 and 1985. On the other hand, the majority of the factors to be weighed indicate that Del Tech is not an alter ego of the State, and, ultimate payment from the State treasury, a factor which defendants depend upon most heavily, is one as to which defendant, Del Tech, has the burden of proof, and which it has not carried to the degree required for summary judgment.[24] Further, it is less than clear that a judgment must inevitably come from the State treasury. There are individual defendants present in this case, and any judgment rendered by this Court could include prospective relief only as to Del Tech and monetary damages as to the individuals. *Thonen v. Jenkins,* 517 F.2d 3, 6 (4th Cir. 1975). Moreover, by the time this case comes to final decision, a better record could be developed as to insurance coverage, if any, and whether Del Tech in fact, has assets exclusive of State funds. A judgment rendered at that time could include the proviso that execution could not be had against State funds. The institutional defendant must remain in the case subject to potential prospective relief, and with various options available to the Court to insure that any accrued monetary damages need not be taken from the State treasury. It is held on the present record that Del Tech has not successfully invoked the Eleventh Amendment as a bar to the monetary damage relief requested by plaintiffs.

*See Edelman v. Jordan, supra,* 415 U.S. at 677, 94 S.Ct. 1347; *Thonen v. Jenkins, supra* at 6.

A weighing of the above factors demonstrate that assessment of damages, if any, under sections 1983 and 1985 could, if necessary, be rendered only against the individual defendants. Accordingly, it is not determined at this time whether Del Tech is a "person" within the meaning of sections 1983 and 1985.[25] *Cf., Kelly v. West Baton Rouge Parish School Board,* 517 F.2d 194, 196 (5th Cir. 1975).

Since this case must go forward, there will be additional opportunities for the litigants to supplement the presently inadequate factual record so as to provide a basis for an informed resolution of unanswered questions.

### B. Jurisdictional Requirements

#### 1. Section 1343(3)

Defendants claim that jurisdiction is lacking under 28 U.S.C. § 1343(3) for claims relating to monetary damages. Defendants' contention need not be answered. Since jurisdiction as to damages is also claimed by plaintiffs under section 1343(4), which specifically provides for suits to recover damages for civil rights violations and under section 1331 as a federal question, there are sufficient jurisdictional allegations contained in the complaint for the suit to go forward.

---

24. Delaware State Courts have held that an authority to enter into contracts is a *pro tanto* waiver of State sovereign immunity. *George & Lynch, Inc. v. Delaware,* 197 A.2d 734 (Del.Supr.1964). State court decisions, although relevant, are not determinative of the federal question, however. *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Daye v. Pennsylvania,* 483 F.2d 294, 298 (3d Cir. 1973). Similarly, plaintiffs claimed that the power to sue and be sued granted to the Board of Trustees by 14 Del.Code § 9105(d)(4) constitutes a waiv-

er. The Court refuses to rule upon that question on the present record, particularly since constructive waiver of constitutional protection under the Eleventh Amendment is not favored. *Edelman, supra,* 415 U.S. at 673, 94 S.Ct. 1347, *Daye, supra* at 298.

25. See notes 17 and 18 *supra.* Since section 1985 is part of the same act as section 1983, Act of April 20, 1871, c. 22, 17 Stat. 13, the definition of "person" is treated by this Court as being the same. *See also, Scott v. University of Delaware,* 385 F.Supp. at 944, n. 5.

302

## 2. *Declaratory Judgment*

Plaintiffs have requested a declaratory judgment to the effect that the actions of the defendants are in violation of Title VII. Defendants have urged that the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide additional jurisdiction. Again, as noted above, there are sufficient jurisdictional allegations in the complaint for this Court to take jurisdiction of the cause, and to render appropriate relief.

## 3. *Other*

Defendants, as officials, raise several of the same motions they raised as individuals: that they are not proper parties under section 2000e–5; that there were no allegations of compliance with the provisions of section 2000e–5(c)(3); and that an adequate remedy exists under Title VII, and that therefore the sections 1981 *et seq.* causes should be dismissed. These contentions were determined adversely to the defendants, *supra,* and the reasoning there is applicable here. Defendants' motions are denied.

Defendants' motions to dismiss treated as motions for summary judgment will be denied, except insofar as defendant Benjamin Whaley's motion to dismiss the claims against him arising under 42 U.S.C. § 2000e *et seq.* will be granted.