607 F.2d 1194
 20 Fair Empl.Prac.Cas. 1289,
20 Empl. Prac. Dec. P 30,257,
5 Fed. R. Evid. Serv. 572
Joyce GRAYSON, Plaintiff-Appellant,
v.
The WICKES CORPORATION, Defendant-Appellee.
 No. 78-2189.
 United States Court of Appeals, Seventh Circuit.
 Argued April 12, 1979.
Decided Sept. 7, 1979.
Rehearing Denied Sept. 26, 1979.
 
 John F. McCarthy, Chicago, Ill., for plaintiff-appellant.
 Roger G. Wilson, Kirkland & Ellis, Chicago, Ill., for defendant-appellee.
 Before CASTLE, Senior Circuit Judge, and SWYGERT and BAUER, Circuit Judges.
 BAUER, Circuit Judge.
 
 
 1
 This appeal arises from a suit brought by the appellant Joyce Grayson against her former employer, The Wickes Corporation, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e Et seq. (1976), and the Equal Pay Act, 29 U.S.C. § 206(d) (1978). Grayson alleged that she was paid a lower salary than her male predecessor and male successor in one position; that Wickes impermissibly failed to restore her to that position when she returned from a maternity leave; and that another position which she subsequently held was abolished and her employment terminated because she was an unwed mother.[1]
 
 
 2
 In response to Grayson's demand for a jury trial, the lower court ruled that she was entitled to a jury trial on the Equal Pay Act claim, but not on the Title VII claim. Accordingly, in the subsequent trial, the jury heard evidence only on the alleged Equal Pay Act violation, while the court heard additional evidence on the alleged Title VII violation. Grayson now appeals from the jury's verdict in favor of Wickes, and the court's determination that Wickes did not violate Title VII.
 
 
 3
 In her first argument on appeal, Grayson claims that she was entitled to a jury trial on the Title VII issue since an award of back pay under Title VII is, in essence, a "legal" remedy. It is well settled that the Seventh Amendment requires a jury trial in a statutory action "if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). However, the Supreme Court has strongly suggested that not all forms of monetary relief can be characterized as "legal" relief. Id. at 196, 94 S.Ct. 1005.
 
 
 4
 In the case of Title VII, the courts of appeal have uniformly held that an award of back pay is an integral part of the equitable remedy of reinstatement. Stack v. Havens, 522 F.2d 1091, 1094 (9th Cir. 1975); EEOC v. Detroit Edison, 515 F.2d 301, 308 (6th Cir. 1975); Robinson v. Lorillard Corp., 444 F.2d 791, 802 (4th Cir. 1971); Cert. dismissed under rule 60,404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1125 (5th Cir. 1969); Cf. McFerren v. County Board of Education, 455 F.2d 199, 202-04 (6th Cir. 1972); Harkless v. Sweeny Independent School District, 427 F.2d 319, 324 (5th Cir. 1970), Cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); Smith v. Hampton Training School, 360 F.2d 577, 581 n.8 (4th Cir. 1966).
 
 
 5
 We find this position to be well supported by both the statutory language and the legislative history. The statute provides:
 
 
 6
 "If The court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court May enjoin the respondent from engaging in such unlawful employment practice, and other such affirmative action As may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without backpay . . ., Or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g) (emphasis supplied).
 
 
 7
 This language, in our view, clearly reveals a Congressional intent to provide for backpay as an equitable remedy that is awarded through an exercise of the court's discretion. The legislative history of the statute leads to the same conclusion, for the Senate considered and rejected an amendment that would have permitted the parties to a Title VII action to demand a trial by jury. 118 Cong.Rec. 4191-4920 (February 22, 1972). Accordingly, we join the Fourth, Fifth, Sixth and Ninth Circuits in holding that jury trials need not be provided to parties in Title VII suits.
 
 
 8
 The appellant also claims that the district court used an improper standard under Title VII by requiring her to show that unmarried male employees who father out-of-wedlock children would be treated differently by the employer Wickes. This argument is based largely on the following language from the Court's opinion:
 
 
 9
 "Wickes was not required to return Grayson to the position she occupied before she left on maternity leave, provided such refusal is not grounded on her sex. Grayson did not prove by a preponderance of the evidence that Wickes discriminated against her because of her sex in violation of Title VII. She failed to show she was treated any differently than similarly situated male employees had been or would have been treated. She failed to prove that unmarried male employees who engaged in sexual relations and produced illegitimate offspring would have been treated differently by Wickes." 450 F.Supp. at 1119.
 
 
 10
 It appears to us, however, that the trial court was merely noting that Grayson had not proved one of several possible facts that would have supported her Title VII claim. Indeed, the court identified another possible showing that Grayson had failed to make in the sentence following the passage quoted above:
 
 
 11
 "Nor, despite her assertions, did Grayson present evidence to show that male employees at Wickes who took leave of absence returned to the same positions they occupied and at the same salaries they received prior to their leaves." 450 F.Supp. at 1119.
 
 
 12
 Furthermore, the court found that "Wickes showed by a preponderance of the evidence (a legitimate) justification for its actions involving Grayson . . ." Id. at 1119. We are thus unpersuaded that the district court used an improper standard in adjudicating the appellant's Title VII claim.
 
 
 13
 The appellant next argues that the district court abused its discretion by excluding certain evidence of alleged sex discrimination from the jury trial of her Equal Pay Act claim. In particular, Grayson contends that the jury " never had the whole picture of (her) marital status, pregnancy and baby" because of the trial court's evidentiary rulings.[2] We are unpersuaded, however, that the evidence on Wickes' response to Grayson's pregnancy had any significant probative value as to the Equal Pay Act claim, since it is undisputed that she announced her pregnancy after Wickes had established her salary. Accordingly, we find no abuse of discretion in the lower court's decision to exclude the evidence under Rule 402 of the Federal Rules of Evidence.
 
 
 14
 We have examined the appellant's other arguments and find them without merit. The judgment of the district court is therefore
 
 
 15
 Affirmed.
 
 
 16
 SWYGERT, Circuit Judge, concurring in part and dissenting in part.
 
 
 17
 The district court applied an erroneous burden of proof to plaintiff's Title VII complaint and, accordingly, the district court's judgment should be reversed and the case remanded for retrial.*
 
 
 18
 Plaintiff had alleged, Inter alia, that her former employer, Wickes Corporation, impermissibly failed to restore her to her prior position when she returned from a maternity leave and that another position which she subsequently held was abolished and her employment terminated because she was an unwed mother. Plaintiff contends that these were illegal employment practices under Title VII. After assessing the evidence presented at trial to support her discrimination claim, the district court stated:
 
 
 19
 Wickes was not required to return Grayson to the position she occupied before she left on maternity leave, provided such refusal is not grounded on her sex. Grayson did not prove by a preponderance of the evidence that Wickes discriminated against her because of her sex in violation of Title VII. She failed to show she was treated any differently than similarly situated male employees had been or would have been treated. She failed to prove that unmarried male employees who engaged in sexual relations and produced illegitimate offspring would have been treated differently by Wickes.
 
 
 20
 Grayson v. Wickes Corp., 450 F.Supp. 1112, 1119 (N.D.Ill.1978) (emphasis added). This is an absurd, hypothetical burden of proof which would be impossible for a female plaintiff to meet. It is totally unrealistic to think that evidence about an employer's treatment of unwed males who had fathered a child would be available to a Title VII plaintiff.
 
 
 21
 The Sixth Circuit, in affirming a district court finding that a plaintiff had been discriminated against on the basis of sex, rejected the defendant-employer's contention that a standard like the one applied in this case be applied to a female plaintiff's Title VII claim. The Sixth Circuit stated:
 
 
 22
 (The defendant-employer) argues that "(plaintiff) has never shown that had she been a male expectant parent, she would have been treated any differently by the (defendant)." The sophistry of this argument is that it equates pregnancy with the condition of "expectant parent" in a male. Pregnancy is a condition unique to women, so that termination of employment because of pregnancy has a disparate and invidious impact upon the female gender. The point of the argument is that there must be men and women similarly situated who are treated in a disparate manner. The point is not well taken, for it would effectively exclude pregnancy from protection in All Title VII cases. The Supreme Court has stated that maternity leave rules directly affect "one of the basic civil rights of man." Cleveland Board of Education v. LaFleur, 414 U.S. 632, 640, 94 S.Ct. 791, 796, 39 L.Ed.2d 52, 60 (1974). To exclude such a basic civil right from protection against invidious employment termination would be contrary to the policy to which Title VII is directed, namely: that race, religion, nationality, and sex are irrelevant factors in employment opportunity. Griggs v. Duke Power Co., 401 U.S. 424, 436, 91 S.Ct. 849, 856, 28 L.Ed.2d 158, 167 (1971); Holthaus v. Compton & Sons, Inc., 514 F.2d 651 (CA 8 1975).
 
 
 23
 Jacobs v. Martin Sweets Co., 550 F.2d 364, 370 (6th Cir. 1977) (footnotes omitted). I think that this passage succinctly explains the unreasonableness of the burden of proof applied by the district court in the instant case.
 
 
 24
 The majority opinion observes, after quoting the district court's articulation of the objectionable proof standard, that "(i)t appears to us, however, that the trial court was merely noting that Grayson had not proved one of several possible facts that would have supported her Title VII claim." Supra, at 1197. After noting several other rationales offered by the district court for its decision, the majority concluded, "(w)e are thus unpersuaded that the district court used an improper standard in adjudicating the appellant's Title VII claim." Supra, at 1197.
 
 
 25
 The language used by the district court in its memorandum opinion does not suggest the inference that plaintiff's failure "to prove that unmarried male employees who engaged in sexual relations and produced illegitimate offspring would have been treated differently by Wickes," Grayson, supra, 450 F.Supp. at 1119, merely was one of "several possible facts," unproven by plaintiff, which "would have supported her Title VII claim." Supra, at 1197. Further, the district court's articulation of this burden of proof was not isolated to the passage reproduced by the majority. Earlier in his memorandum opinion the district court stated, "(Plaintiff) did not adduce evidence to show that unmarried male employees who engaged in sexual relations and produced illegitimate offspring would have been treated differently by Wickes than she was." Grayson, supra, 450 F.Supp. at 1117. The memorandum opinion suggests that this unsupportable standard of proof was a fundamental component of the district court's deliberative process.
 
 
 26
 We should not countenance the application of such an ill-founded burden of proof standard as a matter of law. And its application to plaintiff's claim in this case, even if the district court did consider it in conjunction with other legitimate factors of assessing Title VII claims, warrants reversal of the district court's judgment. This was a close case and rather than speculate on how significant this erroneous standard was to the district court's decision, we should remand for a new trial.
 
 
 
 [1]
 The facts of the case are fully recounted in the district court's opinion, Grayson v. Wickes Corp., 450 F.Supp. 1112 (N.D.Ill.1978)
 
 
 [2]
 It should be noted that all of the proffered evidence was admitted in the non-jury trial of Grayson's Title VII claim
 
 
 *
 I concur in the majority's resolution of all the other issues raised by the plaintiff-appellant