**Charmain ST. CYR, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and Thomas Douglas McNear, Defendants.**

**Civ. A. No. H–80–584.**

United States District Court, S. D. Texas, Houston Division.

March 31, 1982.

---

Harriet Hubacker, Houston, Tex., for plaintiff.

A. J. Harper, II, David J. Beck, Fulbright & Jaworski, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Came on to be heard defendants' Motions to Dismiss plaintiff's action for injunctive relief, lost wages and damages for discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and for damages based on tortious conduct.

On August 9, 1979 plaintiff was terminated by her employer defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch). She filed suit in state court charging defendant with tortious acts including invasion of privacy, assault and battery, intentional infliction of emotional distress and outrageous conduct. Subsequently she filed a discrimination charge against Merrill Lynch with the EEOC which claimed that she was terminated because of her sex, more particularly that she was fired for her refusal to have sexual relations with Thomas McNear, Vice President and member of the Board of the Directors of Merrill Lynch, for whom she worked as executive secretary. On February 27, 1980 plaintiff received a right to sue letter from the EEOC with respect to her discrimination charges. On March 14, 1980 she filed this action against Merrill Lynch in federal court. More than a year later, on June 29, 1981, she filed a First Amended Complaint naming as defendant, Thomas W. McNear. Defendants subsequently filed motions to dismiss the Amended Complaint. The Court set the motion for an oral hearing. When defendant McNear failed to appear the hearing was reset. McNear failed to appear a second time and the Court heard oral argument on the motions from plaintiff and defendant Merrill Lynch.

McNear moves to dismiss the suit for lack of subject matter jurisdiction on the grounds that: (1) he was not named as a respondent in the EEOC charge; (2) he was not sued within ninety days of plaintiff's receipt of her notice of right to sue; (3) the state claims must be dismissed, as subject to a pending state court action, and barred by the state statute of limitations, and because they will substantially predominate over and will require different elements of proof from the federal claim. Defendant Merrill Lynch moves to dismiss the pendant state claims on the same grounds as does McNear.

For the reasons set out herein defendants' Motions to Dismiss are GRANTED.

## I.

█ McNear argues that 42 U.S.C. § 2000e–5(f)(1) (1972) provides a charging party may sue only the respondent named in the EEOC charge, because a party not named could not participate in conciliation procedure. It is obvious, however, that in this case McNear was investigated by the EEOC as a result of plaintiff's charge against Merrill Lynch, that he consequently had notice of the suit and an opportunity to conciliate. Although the filing of a charge with EEOC is a jurisdictional prerequisite to a suit under Title VII of the Civil Rights Act, "the courts have developed a multiplicity of means to circumvent this jurisdictional requirement." 2 Larson, *Employment Discrimination* § 49.42, at 9B–71 (1981). In this case "[D]emanding full and technical compliance would [not] have . . . relation to the purposes for requiring those procedures in the first instance." *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977).

The Court of Appeals for the Tenth Circuit held in *Romero v. Union Pacific Railroad*, 615 F.2d 1303 (10th Cir. 1980), where appellant challenged subject matter jurisdiction over individual defendants not named in the EEOC charges, that judicially created narrow exceptions to the requirement exist "where the defendant was informally referred to in the body of the charge . . . or where there is a sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and that EEOC have an opportunity to attempt conciliation." (citations omitted). That court adopted as criteria for subject matter jurisdiction over a defendant the four factors identified by the Court of Appeals for the Third Circuit in *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977), *viz.*:

(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; (3) whether its absence from the EEOC proceedings resulted in actual

prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

In the case of McNear the only question which the court can answer in defendant's favor is the first one. Not only was McNear informally referred to in the body of the charge in fact but his actions were the basis for plaintiff's discrimination claim against Merrill Lynch, the charged respondent. Courts have found jurisdiction over an unnamed defendant where it is "named in the factual statement in sufficiently specific terms to apprise the EEOC of the source of the alleged discrimination . . . ," *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee*, 440 F.Supp. 506, 525 (N.D.Cal.1977), and where in spite of the defendants' affidavits that they did not know they were being charged as individuals rather than officials, they were listed as "others who have discriminated against you," and the record did not "negate the possibility that [they] 'should have known' their conduct was being questioned and therefore that they had notice as individuals," *Hanshaw v. Delaware Technical & Community College*, 405 F.Supp. 292, 297 (D.Del.1975). Because of his involvement in the conciliation process, McNear clearly cannot claim any prejudice to his interests by his addition as a defendant in the Amended Complaint.

Because there was no evidence before this Court regarding representations by McNear to St. Cyr regarding his relationship with Merrill Lynch, the Court is unable to answer the fourth inquiry suggested by *Glus*. It concludes that it has jurisdiction over defendant McNear.

## II.

■ Defendant McNear claims that plaintiff's Title VII claim is barred by the statute of limitation of 42 U.S.C. § 2000e–5(f)(1) in that she failed to file her amended complaint which named him as defendant within ninety days of receipt of the right to sue letter. Whether plaintiff's civil rights claim against McNear is barred, depends on whether her amended complaint relates back to the filing of her original complaint. Under Rule 15(c), Federal Rules of Civil Procedure, it will relate back only if McNear 1) received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and 2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. The short limitation period of 90 days in Title VII actions makes no difference in the application of Rule 15(c). *Holden v. R. J. Reynolds Industries*, 82 F.R.D. 157, 162 (M.D.N.C.1979), *Dempsey v. The Shoe Show, Inc.*, 19 FEP 1557, 1563 (M.D.N.C. 1978).

In this case plaintiff offered no evidence that McNear had notice of the federal lawsuit within ninety days of receipt of the right to sue letter and does not even claim that she was mistaken as to the identity of the proper party, let alone argue that she made sufficiently diligent efforts to identify the correct defendants. *Turner v. Winn Dixie, Inc.*, 25 FEP Cases 1166, 1168 (N.D. Ga.1981). This is not a case like *Peterson v. Eastern Airlines*, 20 FEP Cases 1323 (W.D. Tex.1979) in which defendant removed a Title VII action from state to federal court, and there is no basis for equitable tolling of the period of limitations. On these facts the Court is compelled to conclude that the amended complaint does not relate back and therefore that plaintiff's federal claim against McNear is untimely. Accordingly that cause of action is dismissed with prejudice.

## III.

Having dismissed the federal cause of action against McNear, the Court must decide whether or not to exercise jurisdiction over plaintiff's state causes of action against Merrill Lynch and against McNear, as a pendent party.

There is no question that the state and federal claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

The factors which the Court must take into consideration in determining pendent jurisdiction include: whether the state issues substantially predominate over the federal issues "in terms of proof, the scope of the issues raised or the comprehensiveness of the remedy sought." *United Mine Workers*, at 726, 86 S.Ct. at 1139; procedural factors such as the availability of a trial by a jury on the federal and state claims, *Kiss v. Tamarac Utilities Inc.*, 463 F.Supp. 951, 954 (S.D.Fla.1978), judicial economy, fairness to the litigants, convenience to the parties and witnesses, whether the federal court would be called upon to resolve difficult questions of state law for which there is little or no state authority, and whether the effect of combining the several claims and defenses of the parties would be to unduly complicate the case for the jury and the court. *Crabtree Investments v. Aztec Enterprises*, 483 F.Supp. 211, 217 (M.D.La. 1980).

Plaintiff argues that the instant case presents a mixture of federal and state claims, that the tort claims emerge from the employment context and that the evidence in support of the federal and state claims will overlap. Defendants contend that the proof of the different claims will not be the same. With regard to damages, in particular, defendants argue that plaintiff is entitled only to back pay for its federal claim, but punitive damages on her state claims. Plaintiff counters that she may be entitled under Title VII to more extensive damages than back pay because her termination ended her coverage for the medical expenses which were occasioned by that termination, and that, under *Kyriazi v. Western Electric Co.*, 476 F.Supp. 335, 340 (D.N.J.1979), *modified* 473 F.Supp. 786 (1979), she would deduct the Title VII damages amount from the tort claims award. Defendant contends that the claim of outrageous conduct presents a novel issue of law. With regard to a pendent party, one important factor in the determination of jurisdiction is whether federal court jurisdiction of the federal complaint is exclusive. *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). Although a federal district court in Texas has held that jurisdiction over Title VII claims is not exclusively with the federal courts, *Peterson v. Eastern Air Lines*, 20 FEP Cases 1323 (W.D.Tex.1979), there is a split among the jurisdictions as to whether or not state courts may hear Title VII actions, *e.g., McCloud v. National Railroad Passenger Corp.*, 25 FEP Cases 513, 514–515 (D.D.C. 1981), and the United States Court of Appeals for the Fifth Circuit has not ruled on the question.

The Court concludes that the plaintiff's state claims do predominate over her federal claims, that there is a likelihood of jury confusion of the federal and state issues, that exercise of pendent party jurisdiction in this case is therefore improper and, similarly, that for the convenience of the parties and witnesses the state claims against Merrill Lynch should be heard in the state court. Accordingly, the state cause of action against both defendants should be dismissed without prejudice.

For the reasons stated above the Court GRANTS defendants' Motions to Dismiss.

The Clerk shall file this Order and provide a true copy to counsel for all parties.