**Patsy ROSE, Plaintiff,**

v.

**SORG PRODUCTS, INC.; David Burns; Dennis Fought; and Robert Kryder, Defendants.**

Civ. No. F 85–11.

United States District Court, N.D. Indiana, Fort Wayne Division.

June 25, 1985.

Stephen P. Rothberg; Rothberg & Chambers, Fort Wayne, Ind., Ivan E. Bodensteiner, Valparaiso, Ind., for plaintiff.

Frederick M. King & Lynn Brundage; Sommer & Barnard, Indianapolis, Ind., John R. Wilks; Wilks & Kimbrough; Fort Wayne, Ind., for defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendants' Motion to Dismiss Individual Defendants and Pendent State Claims, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed March 18, 1985. Plaintiff responded in opposition to defendants' motion to dismiss on May 3, 1985. Defendants replied May 29, 1985. Having examined the submissions of the parties and the applicable law, for the following reasons, defendants' motion to dismiss the individual defendants and pendent state claims will be granted.

In their motion to dismiss pursuant to Rule 12(b)(1), the defendants raise two issues. The first issue raised is whether this court has pendent party jurisdiction over the individual defendants who are not named and are not a part of the Title VII cause of action, the federal claim involved in this matter, but are named in the state claims raised in this complaint. The second issue is whether this court should decline to exercise pendent jurisdiction over plaintiff's state law claims, said claims being brought against the plaintiff's employer Sorg Products, Inc. and the individual defendants. Because of this court's resolution of the latter issue raised by the defendants in their motion to dismiss, the court will not address and resolve the former issue of whether this court possesses pendent party jurisdiction over the individual defendants.

The jurisdiction of this court over this case stems from this court's jurisdiction

over plaintiff's Title VII claim, a federal question claim. Plaintiff asserts, in addition to her Title VII claim, state tort law claims of assault and battery, intentional and negligent infliction of emotional distress, invasion of privacy, and defamation and slander. The basis for this court's jurisdiction over plaintiff's state law claims is the doctrine of pendent jurisdiction. "[P]endent jurisdiction is a judge-made doctrine of expediency and efficiency derived from the general Art. III language conferring power to hear all 'cases' arising under federal law or between diverse parties. See *Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). See also *Hagans v. Lavine*, 415 U.S. 528, 545, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974) (terming pendent jurisdiction 'a doctrine of discretion')." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, ——, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984). The parties do not dispute that the exercise of pendent jurisdiction in a particular case by a district court is a matter of discretion.

■ The seminal case setting forth the parameters of the doctrine of pendent jurisdiction in federal courts is *Mine Workers v. Gibbs*. The *Gibbs* Court held that a federal court could choose in an individual case to exercise pendent jurisdiction where the federal claim has substance sufficient to confer subject matter jurisdiction on the court and where the state and federal claims derive from a common nucleus of operative fact. *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. In this case the federal claim raised by the plaintiff has substance sufficient to confer subject matter jurisdiction on this court. Further, the state and federal claims in this case do derive from a common nucleus of operative fact, although the facts necessary to prove the state claims are more extensive than the facts needed to prove the Title VII claim. Thus, the court concludes that it has the power to exercise pendent jurisdiction in this case. The real issue is whether this court should exercise that power.

■ *Gibbs* provides the analysis which this court must undertake to determine that issue. The justification for the exercise of pendent jurisdiction in a particular case "lies in considerations of judicial economy, convenience and fairness to litigants[.]" *Id.* at 726, 86 S.Ct. at 1139.

Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sure-footed reading of applicable law.... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.* at 726, 726–27, 86 S.Ct. at 1139. Independent of jurisdictional considerations such as substantial hegemony of state law claims, there exist considerations such as the likelihood of jury confusion. *Id.* at 727, 86 S.Ct. at 1139.

The *Gibbs* Court specifically noted

[R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.

*Id.* at 737, 86 S.Ct. at 1139–40. An examination of the complaint before this court leads this court to the conclusion that this case is a state law claims case to which the federal claim is only an appendage and the pendent state law claims may fairly be dismissed from this suit.

The plaintiff asserts state law claims of assault and battery, intentional and negligent infliction of emotional distress, invasion of privacy, and defamation and slander. All of these state tort claims carry possible damage recoveries of both compensatory and punitive damages. The state law claims also name individual defendants not named and, by law, not a part

of the federal claim in this suit, plaintiff's Title VII claim. Plaintiff, in her Title VII claim, can only recover, if successful, back pay and promotion. Plaintiff is still employed at Sorg Products and thus, her back pay award could only be the difference between what she earned at the job she actually held during the relevant time period and what she should have earned at a higher paying job during the relevant time period. *See* 42 U.S.C. § 2000e–5(g), (k). It is clear that plaintiff's Title VII recovery would not be even as great as the more typical Title VII recovery which involves an employee who has lost his job as a result of discrimination. If plaintiff were to prevail on her state law claims, she would be entitled to proven damages, in an amount far greater than her potential Title VII recovery. The court concludes that, in terms of the comprehensiveness of the remedies sought, the state claims clearly predominate over the federal claim.

The state law claims raised also clearly predominate in terms of the scope of the issues raised and of the proof needed to carry the burden of proof on the state law claims. It is also possible that, if the plaintiff recovered, in the state court, on her state law claims, the recovery would fully compensate her for any Title VII recovery to which she might be entitled.

The court also concludes that there is a likelihood of jury confusion in this case. Title VII does not carry a right to a jury trial. *Grayson v. Wickes Corp.*, 607 F.2d 1194 (7th Cir.1979). Because there is a common nucleus of operative fact in this suit and because much greater proof is needed to prove the state law claims than is needed to prove the Title VII claim, the court concludes that there is a likelihood the jury would be confused in this suit in treating the various theories of relief and that such likelihood of jury confusion justifies separating the state and federal claims for trial. The state claims constitute the real body of this suit. The doctrine of pendent jurisdiction is not a vehicle by which litigants can attempt to impose upon a federal court what is, in effect, a state law case.

The only real argument the plaintiff articulates in support of her position that this court should exercise its power of pendent jurisdiction to hear the state law claims is the policy considerations of convenience and fairness to the plaintiff as a litigant. The court is not persuaded by this argument, particularly because the third consideration justifying the doctrine of pendent jurisdiction is the consideration of judicial economy. It is uneconomical for this court, sitting as it is as a federal court, to expend valuable judicial resources trying a case which is, in terms of proof, of the scope of the issues raised, and of the comprehensiveness of the remedy sought, a state law case and which is likely to cause jury confusion if the state claims are tried with the federal claim.

Further, the plaintiff's argument that this court's failure to exercise pendent jurisdiction over the state law claims would be inconvenient and unfair to the plaintiff is undercut somewhat by the nature of her federal claim. It is an open question in this circuit whether state courts have jurisdiction over Title VII suits. *Patzer v. Bd. of Regents of the Univ. of Wisconsin*, 763 F.2d 851, 855 (7th Cir. June 4, 1985). In the *Patzer* case, the Seventh Circuit assumed, without deciding, that state courts have jurisdiction to hear Title VII matters. *Id.* at n. 4. The jurisdictional statute of Title VII, 42 U.S.C. § 2000e–5, does not speak in terms of exclusive jurisdiction being given to the federal courts to adjudicate civil actions arising out of alleged Title VII violations. An argument can certainly be made that a state court has jurisdiction, as a general jurisdiction court, to hear a Title VII claim because Congress did not specifically provide that the jurisdiction of the federal courts over civil actions arising out of Title VII was exclusive.

Research through the fifty titles of the United States Code revealed that Congress has specifically provided exclusive jurisdiction, using that term, to federal courts seventy-two different times. Clearly, Congress knows how to specify and does speci-

fy when jurisdiction over a particular law of the United States is to rest exclusively with the federal court system. Title VII, except where the Title VII matter involves the government, is not such a law of the United States. Plaintiff's argument of inconvenience and unfairness is weakened by the possibility that any inconvenience and unfairness to her could be alleviated if she chose to file her Title VII claim in state court along with the state law claims this court concludes predominate this suit.

Several other courts have declined to exercise pendent jurisdiction over related state claims when the only substantial federal claim arose under Title VII. *Bouchet v. National Urban League, Inc.*, 730 F.2d 799, 805 (D.C.Cir.1984), and cases cited therein. *See also Hughes v. Marsh Instrument Co.*, 28 F.E.P. 702 (N.D.Ill.1981); *St. Cyr v. Merrill Lynch*, 540 F.Supp. 889 (S.D.Texas 1982). The *Hughes* case is instructive because it involved a Title VII claim alleging sex discrimination and a state law claim alleging the Illinois common law tort of intentional infliction of emotional distress. In *Hughes*, Judge Shader concluded that

> Hughes' state theory requires consideration of numerous factual questions irrelevant to her Title VII claim, questions that would significantly prolong the federal litigation. Proof of emotional damage and the specific acts Hughes alleges to have caused such damage would, in terms of time and difficulty, almost certainly "predominate" over Title VII issues. From a judicial economy standpoint, the fact that Hughes' Title VII claim would be considered by the Court but her state claim by a jury might very well lead to protraction and complexity, avoidable were each claim tried separately.

*Hughes*, 28 F.E.P. at 703 (footnote omitted). This court concurs in Judge Shader's reasoning. *Hughes* is strong support for this court's conclusion in this case as *Hughes* involved only one state law claim and this case involves four state law claims.

This court's decision in *Moffett v. Gene B. Glick Co.*, 604 F.Supp. 229 (N.D. Ind.1984), is inapposite to this court's resolution of defendants' motion to dismiss because the issue of whether this court should exercise pendent jurisdiction over the state law claims raised in *Moffett* was not presented to the court, discussed or resolved by this court in that order. Even if this court had reached that issue in *Moffett*, it is not an automatic conclusion that this court would have declined to exercise pendent jurisdiction over the state law claims for the reasons articulated here. The exercise of pendent jurisdiction is an individualized decision which must be made in each case, based upon the facts of that particular case. The extensiveness of the federal claim in this case and the federal claims presented in *Moffett* varies.

Accordingly, on the basis of the foregoing, defendants' Motion to Dismiss the Pendent State Claims in this case is GRANTED. The exercise of pendent jurisdiction is not warranted in this case. The pendent state claims are DISMISSED WITHOUT PREJUDICE to the reassertion of those claims in a state court of competent jurisdiction.