James **WRIGHT**, Plaintiff,

v.

**MANATEE COUNTY**, et al., **Defendants.**

No. 89–334–CIV–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

Aug. 7, 1989.

Judith S. Kavanaugh, Peeples, Earl & Blank, P.A., Sarasota, Fla., for plaintiff.

H. Hamilton Rice, Bradenton, Fla., W. Reynolds Allen, Mark E. Levitt, Hogg, Allen, Ryce, Norton & Blue, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTION TO DISMISS AND STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss and strike, filed May 1, 1989, and response thereto, filed June 12, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–

46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters", and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978), citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D.Wis.1981).

On March 10, 1989, the complaint in this cause was filed naming as defendants: Manatee County and, in their official capacities, Patricia M. Glass, Chairman; Edward W. Chance, Vice Chairman; Kent G. Chetlain, Commissioner; Cathy A. Snell, Commissioner; Maxine Hooper, Commissioner; A.V. "Gus" Ellis, Administrator; Richard P. Clarendon, Transit Division Manager; and William Davenport, Director of Personnel. The complaint alleges racial discrimination by Defendants against Plaintiff.

Plaintiff alleges he sought employment in Manatee County government between May of 1985 and June of 1985; that he was well-qualified for the positions for which he applied with the county due to previous applicable military experience and skills; and his applications were, in every instance, summarily rejected in favor of less or equally qualified white applicants, all of whom were employed with the county at the time they were hired for each position.

The complaint contains the following counts: 1) intentional discrimination pursuant to Title VII; 2) unlawful discrimination pursuant to Title VII (discriminatory impact); 3) unlawful violation of Title VII (retaliatory refusal to hire); 4) denial of equal protection pursuant to 42 U.S.C. Section 1983; and 5) denial of due process pursuant to 42 U.S.C. Section 1983.

## INDIVIDUAL DEFENDANTS

The first issue is raised by Defendants Patricia M. Glass, Edward W. Chance, Kent G. Chetlain, Cathy A. Snell, Maxine Hooper, A.V. "Gus" Ellis, Richard P. Clarendon, and William Davenport (hereinafter "official defendants"), who contend that they are not appropriately named in the complaint. The first reason alleged for the dismissal of the County Commissioners (Defendants Glass, Chance, Chetlain, Snell, and Hooper) is based on Section 125.15, Florida Statutes. The commission defendants assert that Section 125.15 mandates that only the county may be sued in its own name and that any relief against the county will be binding on them as individuals.

Section 125.15, Florida Statutes, states that the county commissioners shall:

> ... sue and be sued in the name of the county of which they are commissioners. A change in the persons composing the board of county commissioners shall not abate the suit, but it shall proceed as if such change had not taken place.

The complaint in this cause of action is brought pursuant to 42 U.S.C. Section 1983 and Title VII. Section 1983 provides for a cause of action when a "person" under state law deprives an individual of his rights under the Constitution and laws.

State law rules may be borrowed to effectuate federal policy when the federal law is incomplete on a subject, i.e. statute of limitations. However, state law should not be "borrowed if to do so would incorporate into federal law rules or requirements inconsistent with the policies underlying federal action." *Majette v. O'Connor*, 811 F.2d 1416, 1418 (11th Cir.1987).

Federal law in this instance is not incomplete on the subject of who may be sued under Section 1983. Even if it were incomplete, incorporation of Section 125.15, Florida Statutes, would be inconsistent with the policies underlying federal action on Section 1983 and Title VII claims. Defendant's motion to dismiss based on Sec-

tion 125.15, Florida Statutes is without merit.

██ Defendant A.V. "Gus" Ellis contends he should be dismissed from the action because he was not County Administrator at the times material to this action. Substitution of an public officer, in his official capacity, is mandated by Rule 25(d), Fed.R.Civ.P. This issue is without merit.

The last issue raised as to the "official defendants" is that all except, Richard Clarendon, should be dismissed because they were not named as respondents in the Equal Employment Opportunity Commission (EEOC) charges, and, further they were not even mentioned in the charges.

Plaintiff filed two EEOC charges. The first was filed November 15, 1985, against the "Manatee County Govt." The complaint stated that the cause of discrimination was race, beginning on September 9, 1985, and continuing. Specifically, the charge stated:

I. On September 9, 1985, and on a continuing basis since June 27, 1985, I have been denied hire by the above-named employer.

II. Ms. Laurie A. Morin, Employment Specialist, and Richard Clarendon, Assistant Director of Transportation (both White), have indicated I am not qualified for the positions which I applied.

III. I believe I am being discriminated against because of my race, Black, for the following reasons:

A. I have applied for at least four management positions within the County: In at least three of the positions a less experience White applicant was selected. The fourth position was not filled as of June 27, 1985.

B. I was denied opportunity to be interviewed for all four positions.

C. There are currently no minority employees holding positions of authority or in management within the County.

The second charge was filed June 3, 1986, naming the Manatee County Government, and stated:

I. *Personal Harm*

On May 9, 1986 I received a notice that I had not been selected for the position of Operations Coordinator. In April, 1986 I was informed that I had not been selected for the position of Chief Emergency Management. Respondent is a county government.

II. *Respondent's Reason for Adverse Action*

In a letter dated May 7, 1986 Laurie A. Morin (White), Employment Manager, said another applicant was better qualified for the position of Operations Coordinator. No reason was given for my non-selection for the Chief–Emergency Management position.

III. *Discrimination Statement*

I believe I have been discrimination against on the basis of my Race/Black and in retaliation for my opposing discriminatory employment practices in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended. The following are reasons for my belief:

A. I filed EEOC Charge 025860211 against this Respondent.

B. I met all the qualifications for all the positions.

C. I believe this Respondent uses dual standards of measurement when interviewing minority applicants.

D. There are no Blacks in management positions within the county.

E. The persons selected for both positions were White.

The notice of right to sue letters were issued on both charges on December 15, 1988, and December 12, 1988, respectively.

It is clear that only Defendant Clarendon's name is mentioned in the EEOC complaints and none of the "official defendants" are named as respondents in the charges. However, this does not solve the question.

In *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311 (10th Cir.1980), the court narrowed exceptions to the requirement of Title VII that only the named respondent in the EEOC charge can be sued: "where the defendant was informally referred to in the body of the charge, ... or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII

that the defendant have notice of the charge and that the EEOC have an opportunity to attempt conciliation." *St. Cyr v. Merrill, Lynch, Pierce, Fenner & Smith,* 540 F.Supp. 889 (S.D.Tex.1982).

The parties agree that the question is not whether or not a defendant was named in the charge, but whether that defendant is within the "scope of the EEOC investigation which could reasonably grow out of the administrative charges." *Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112 (5th Cir.1981). A court is required, by the remedial purposes of Title VII and the lack of legal training among those whom it is designed to protect, to construe an EEOC charge with the utmost liberality. *Id.,* at 1123.

Clearly, Mr. Clarendon was informally referred to in the body of the charge and subject to *Romero* this is sufficient to bring him within the charge for the purpose of filing suit. The remaining "official defendants" are the County Commission, the County Administrator, and the Director of Personnel, sued in their official capacities. The charge filed June 3, 1986, alleges that the county use dual standards of employment.

The individuals named are clearly the policy makers for the county in this important area. Therefore, the Court finds that the individual or "official defendants" should not be dismissed because they should or would have reasonably been expected to be within the scope of the EEOC investigation and there is sufficient interest between them and the county to satisfy the intent of Title VII that defendants have notice of the charge.

All defendants seek to have Count II of the complaint dismissed for failure to state a claim of discrimination based on a theory of discriminatory, or adverse, impact. The Supreme Court in *Watson v. Fort Worth Bank and Trust,* —— U.S. ——, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988), extended the disparate impact analysis to subjective, facially neutral policies. In order to establish a prima facie case a plaintiff must: 1) identify the specific employment practice(s) allegedly responsible for any observed statistical disparity; and 2) allege and prove causation; the statistical evidence must be sufficiently substantial to prove that the practice in question caused the exclusion of job or promotion applicants because of their membership in a protected group. *Id.,* 108 S.Ct. at 2780.

Plaintiff asserts that the complaint sufficiently pleads the elements necessary to establish a prima facie case. Plaintiff asserts that the specific employment practice responsible for the racial disparities is the facially neutral policy of promotion from within the county and that the complaint is sufficient under the liberal pleading rule of Rule 8 as to the allegation of causation. The Court agrees.

Defendant next asserts that Count V of the complaint (deprivation of due process) should be dismissed for failure to state a cause of action because Plaintiff cannot establish the requisite property right to a hearing. Plaintiff alleges that Manatee County established a grievance procedure for disappointed job applicants to contest their rejection of application for employment; that Plaintiff opted to utilize the established procedures after the County failed to hire him; and that Plaintiff was denied due process in this established grievance procedure. The Court has to take these allegations as true for the sake of the motion to dismiss.

The Fourteenth Amendment's due process protection of property is a safeguard of interests that a person has already acquired in specific benefits. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To have a property interest in a benefit, there must be more than an abstract need or desire for the benefit, there must be more than a unilateral expectation; instead there must be a legitimate claim of entitlement. *Id.,* at 577, 92 S.Ct. at 2709.

The complaint alleges that Defendants created a grievance procedure for rejected applicants which created a benefit for which Plaintiff had a legitimate claim of entitlement. The motion to dismiss is not to determine the "truth" of the asser-

tions raised; only, whether they sufficiently allege a compensable claim. The Court finds this complaint at Count V does. There are factual questions as to whether or not the grievance procedure was a property right and whether or not the procedure granted to Plaintiff was in violation of his due process rights. *Levitt v. University of Texas at El Paso*, 759 F.2d 1224 (5th Cir.1985).

The last issue of the motion to dismiss is the assertion that any claim relating to failure to hire Plaintiff as Paratransit Manager should be dismissed. Defendants allege that the complaint shows that Plaintiff removed himself from the applicant pool by refusing the County's offer of an interview.

In fact the complaint alleges that the County gave the position of Paratransit Manager to a white female, without interviewing Plaintiff. Only after various complaints were made by applicants, including James Wright, did the County offer to reinterview the complaining applicants. James Wright elected to file his complaint with Manatee County, rather that be "reinterviewed", which would have been an initial interview for Plaintiff.

The scenario does not obviate Plaintiff's claims of discrimination in the filling of the Paratransit Manager position. The position was filled at the time that the County offered to "reinterview" Plaintiff. Plaintiff did not waive any rights in relation to this job application by not participating in that interview, if it is as alleged in the complaint, and the Court must assume the truth of the complaint; the job had already been filled at the time of the offer.

Defendants have also a motion to strike certain portions of the complaint. The Court has reviewed the motion and the response and finds that the motion is not well-taken.

ORDERED that the motion to dismiss and motion to strike be denied.

DONE and ORDERED.