Marlene G. **HAMMER,** Plaintiff,

v.

**HILLSBOROUGH COUNTY,** through the **BOARD OF COUNTY COMMISSIONERS,** and the Hillsborough County City–County Planning Commission, and James Hosler, in his official capacity as Director, Economic Development and Research, Dave Tabor, in his official capacity as Systems Manager, Computer Services Section, Tom Thompson, in his official capacity as Deputy Assistant Director of the Hillsborough County City–County Planning Commission and Robert Hunter, in his official capacity as Executive Director of the Hillsborough County City–County Planning Commission, Defendants.

No. 94–1010–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

June 13, 1996.

Marlene G. Hammer, pro se.

Christine Marie Beck, Hillsborough County Attorney's Office, Tampa, FL, for Board of County Commissioners of Hillsborough County, Florida.

Kevin W. Shaughnessy, Akerman, Senterfitt & Eidson, P.A., Orlando, FL, Tracy J. Robin, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for City–County Planning.

## ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

KOVACHEVICH, Chief Judge.

This cause is before the Court on the Defendant Hillsborough County's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. # 22–23) and response thereto (Dkt. # 37). The court cautions the parties that in the future they should comply with its requirement to provide copies of all cited cases.

### BACKGROUND

Plaintiff Marlene Hammer alleges that Defendants Hillsborough County (hereinafter "County") and the Hillsborough County City–County Planning Commission (hereinafter "Commission"), as to Count I, intentionally discriminated against her because of her sex, in violation of Title VII, 42 U.S.C. § 2000e–2, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Amend. Comp. ¶¶ 41–50;. as to Count II, intentionally engaged in policies and procedures which had an adverse disparate impact on female employees, in violation of 42 U.S.C. § 1983, Amend.Comp. ¶¶ 51–57, and; as to Count III, paid Plaintiff wages that were lower than that of male employees in equal positions, in violation of the Equal Pay Act, 29 U.S.C. § 206(d), Amend.Comp. ¶¶ 58–64.

Defendant County requests dismissal of the Amended Complaint, as it applies to the County defendant, claiming that this Court lacks subject matter jurisdiction as to Count I; claiming it is an improper party as to Counts I, II, and III; and claiming that Plaintiff has failed to state a claim upon which relief may be granted as to Count II (Dkt. # 22).

### FACTS

The pertinent facts, as contained in Plaintiff's Amended Complaint (Dkt. # 20) are as follows:

Plaintiff was employed by Defendants from April 1, 1984 until October 1, 1992. Plaintiff alleges that in or about 1989, Defendants Commission, County, and Robert Hunter began revisions of the reduction-in-force procedures for the Commission's employees, changing the existing procedure

from seniority-based to performance-based, and that Defendant James Hosler participated in determining which positions would be eliminated through the reduction-in-force.

Plaintiff alleges that false statements on performance evaluations and false complaints were designed to provide a basis for a lowered performance evaluation and to reduce Plaintiff's standing on the retention list for the reduction-in-force. On November 20, 1991, Plaintiff filed a grievance with the County's Civil Service Officer regarding her performance evaluations. On August 7, 1992, Plaintiff was notified that her position was being eliminated, effective October 1, 1992, through reduction-in-force due to budget cuts. Following her termination, Plaintiff alleges that she was denied an opportunity for reemployment as required by the County's and the Commission's civil service rules and reduction-in-force policies and procedures.

Additionally, Plaintiff alleges that, during her period of employment with Defendants, she was subjected to a hostile work environment and sexual discrimination. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) and filed her original complaint with this Court within ninety (90) days of her receipt of her right to sue letter from the EEOC. Plaintiff also alleges that during her employment she was paid lower wages than those of male employees in positions of the same skill, effort, responsibilities and work conditions based solely on her sex.

### STANDARD OF REVIEW

■ A complaint should not be dismissed "for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the court is required to view the complaint in the light most favorable to the Plaintiff and accept all allegations as true. *Colodny v. Iverson*, 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### DISCUSSION

#### I. *This Court Has Subject Matter Jurisdiction Over this Action as to Count I.*

Defendant County seeks to dismiss Count I for lack of subject matter jurisdiction, stating that Plaintiff has failed to comply with conditions precedent for bringing a Title VII action against Defendant. The County claims that because Plaintiff, in filing with the EEOC, named only the Commission, the County, as a separate entity, was not put on notice of the charge. Thus, the County was not named as respondent when the EEOC issued its determination.

However, Plaintiff claims that because she was a *pro se* complainant when she filed the EEOC charge, and there is sufficient identity of interest between the County and the Commission, such that the County had notice of the charge, Plaintiff has validly exhausted her administrative remedies. Thus, Plaintiff claims this Court has subject matter jurisdiction over this suit.

In order to bring a Title VII action, the statute requires that:

A charge [of discrimination] shall be filed [with the Equal Employment Opportunity Commission] within one hundred and eighty days after the unlawful employment practice occurred and *notice of the charge* (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter.

42 U.S.C. § 2000e–5 (1988) (emphasis added).

■ Although Title VII requires notice of the charge be given to the person against whom the charge is made, the procedures found in Title VII are not intended to be "a stumbling block to the accomplishment of the statutory objectives." *Vanguard Justice Society, Inc. v. Hughes*, 471 F.Supp. 670, 688 (D.Md.1979). In *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980), the court reasoned that because EEOC complaints are generally written by lay persons unfamiliar with Title VII's technical requirements, such complaints "must be liberally construed in order to accomplish the purposes of the Act."

The *Romero* court recognized two (2) narrow exceptions to the requirement that each defendant be specifically named in the EEOC charge: (1) where the body of the charge contains an informal reference to the defendant, or (2) where "sufficient identity of interest" between the named respondent and the unnamed defendant exists, such that Title VII's intent to provide the defendant with notice and the EEOC an opportunity to attempt conciliation is satisfied. *Id.* This Court, in *Wright v. Manatee County,* 717 F.Supp. 1493 (M.D.Fla.1989), adopted the narrow exceptions as stated in *Romero.*

Plaintiff argues that, under the latter exception, sufficient identity of interest exists between the County and the Commission to allow her to proceed hereon against the County. Under 78–523, Laws of Florida, the County controls and appropriates the Commission's funds, and delegates to the Commission its hiring authority subject to the County's Civil Service System:

> The expenditures of the commission ... shall be within the amounts appropriated for the purposes by the Board of County Commissioners of Hillsborough County who are hereby empowered to determine, agree upon, and appropriate funds for the payment of expenses of the commission. All funds of the commission shall be paid to the Board of County Commissioners of Hillsborough County and deposited in the general revenue fund of Hillsborough County and shall be withdrawn only upon requisitions approved by the chairman of the commission.

1978 Fla.Laws ch. 523(4).

> The commission shall have the power to appoint an executive director, who shall serve at the pleasure of the commission. The commission shall provide for the hiring of such other employees in conformance with the regulations of the Hillsborough County Civil Service System respecting personnel, as necessary to perform the duties prescribed by this act.

1978 Fla.Laws ch. 523(5).

Because the Commission's funds are placed in the County's general revenue fund, and may be withdrawn only upon approval by the Commission's chairman, should it be necessary in this case to satisfy a judgment for Plaintiff, the County's chairman would be required to approve such an expenditure. The County argues that because the Commission maintains separate legal counsel the Commission is a separate entity from the County. However, as Plaintiff notes, this is irrelevant. Not only does the County necessarily have to approve the fees for such counsel, but would likely be aware of any potential liabilities for which monies from the general fund would have to be appropriated. Thus, at a minimum, the County would have constructive notice of a pending EEOC charge.

Furthermore, because the Commission governs its employees pursuant to the County's Civil Service System, any EEOC investigation regarding the employment practices of the Commission would necessarily involve an examination of the County's policies and procedures under its Civil Service System. While, as the County notes, the Civil Service System is administered by the Civil Service Board pursuant to 85–424, Florida Laws, the Civil Service Board is properly viewed as an agent of the County not, as the County argues, "a separate and distinct governmental authority." Dkt. # 22 at 4. The Civil Service Act provides no authority for either the receipt or the expenditure of funds for the Civil Service Board. Thus, the County necessarily maintains control over the actions of the Civil Service Board. Therefore, any attempt by the EEOC at conciliation would likely require the County's involvement.

■ Pursuant to Chapter 78–523, Laws of Florida, there exists sufficient identity of interest between the County and the Commission, such that under *Romero,* as adopted by this Court in *Wright,* Title VII's intent to provide Defendant with notice and the EEOC an opportunity to attempt conciliation is satisfied. Therefore, Plaintiff has satisfied all conditions precedent to the filing of a Title VII action, and this Court has subject matter jurisdiction as to Count I.

## II. *Plaintiff Has Alleged Facts Sufficient to Establish Hillsborough County as a Proper Party to this Action.*

Defendant County seeks to dismiss Counts I, II, and III, claiming that Plaintiff's amend-

ed complaint fails to state a cause of action because the County is an improper party to this suit. The County claims that because the Commission is responsible for the hiring of its own personnel, it and the Commission are separate entities, such that, as an employee of the Commission, Plaintiff cannot be an employee of the County.

Plaintiff, however, argues that the Commission is an agent of the County, and therefore the County is also Plaintiff's employer. Plaintiff claims that, because the County appropriates funds for expenditure by the Commission and delegates limited hiring authority under the County's Civil Service System pursuant to Chapter 78–523, the County and Commission are not separate and independent entities.

■ Under Title VII, an employer is defined as:

a person [to include governments] engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person.

42 U.S.C. § 2000e(b) (1988). Therefore, it is not merely the agency which bears potential liability as an employer under Title VII, but the entity which retains ultimate authority as well.

Plaintiff alleges that the Commission is "an agency created by the State of Florida pursuant to Chapter 78–523 Laws of Florida." Amend.Comp. ¶ 3. Under Chapter 78–523(4), the Commission's funds are placed into the County's general revenue fund and may be appropriated to the Commission only upon approval of the County's chairman. Further, the Commission, pursuant to Chapter 78–523(5), must govern its employees in accordance with the County's Civil Service System.

The County's argument that, because the Commission is "its own appointing authority" under Chapter 78–523(5), the Commission is a separate and independent government entity from the County is without merit. County's Motion at 3 (Dkt. # 22). The Civil Service Act defines an appointing authority as "any person or agency authorized to employ personnel to carry out the responsibilities of the agency *under the provisions of this act.*"

1985 Fla.Laws ch. 424 (emphasis added). Thus, an appointing authority is still acting under the authority of the County.

In addition, the County's argument that Plaintiff's allegation in paragraph three (3) of the Amended Complaint stating that the Commission "acted on behalf of Hillsborough County and pursuant to the policies of Hillsborough County," is "patently false" and "will be specifically denied by the [Commission]," is irrelevant to this motion. County's Motion at 6 (Dkt. # 22). Whether the Commission acted on behalf of or pursuant to the County's policies is a matter properly decided by the trier of fact. Plaintiff need only allege facts that, if true, support a claim for relief.

■ Plaintiff has specifically alleged that the Commission is an agency created pursuant to Chapter 78–523, Laws of Florida. This allegation, if true, states a cause of action against the County.

### III. *Plaintiff Has Failed to Sufficiently State a Claim for Relief as to Count II.*

Defendant County seeks to dismiss Count II for failure to state a claim under 42 U.S.C. § 1983, stating that Plaintiff has failed to assert that any official policy or custom of the County resulted in the alleged constitutional deprivation, that the County was the "ultimate repository" of authority, or that the County delegated any authority to the Planning Commission. Dkt. # 22 ¶ 11.

Plaintiff, however, claims that her Amended Complaint states a cause of action under 42 U.S.C. § 1983. Plaintiff states that the amended complaint alleges that the defendants acted under the color of state law, and that the Commission acted on behalf of and pursuant to the policies of the County. Additionally, Plaintiff claims that her amended complaint alleges that the County delegates limited hiring authority to the Commission, and that there exists a fiscal relationship between the County and the Commission.

■ A claim cognizable under 42 U.S.C. § 1983 must allege facts giving rise to a deprivation of rights guaranteed by the laws of the United States or the United States

Constitution, and must state the Plaintiff's rights were violated by a "person acting under the color of state law."

■ The Supreme Court, in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), found that a municipality cannot be held liable under 42 U.S.C. § 1983 under a theory of respondeat superior. However, liability may attach if some degree of "fault" can be imputed to the municipality.

[L]iability may be predicated upon a showing that a government employee's unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels."

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir.1985) (citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36)). Furthermore, the term "custom," as defined by the Supreme Court includes "persistent and wide-spread ... practices," "permanent and well settled practices," and "deeply embedded traditional ways of carrying out policy." *Fundiller*, 777 F.2d at 1442 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68, 90 S.Ct. 1598, 1613–14, 26 L.Ed.2d 142 (1970)).

■ Plaintiff alleges that the Commission acted on behalf of and pursuant to the policies of the County. Additionally, Plaintiff alleges that the Commission is an agency pursuant to Chapter 78–523, Florida Laws. Under Chapter 78–523, the County is responsible for the Commission fiscally and delegates hiring authority to the Commission through the County's Civil Service System. These allegations are sufficient to allege that the Commission is an agency of the County, such that employees of the Commission are employees of the County. Thus, any action carried out by a Commission employee is, thus, being carried out by an employee of the County.

■ However, Plaintiff's numerous allegations that she was subjected to a hostile work environment over a period of time by certain employees of the Commission do not, as Plaintiff argues, equate to a "widespread pattern and practice of sexual harassment." Plaintiff's Motion at 6 (Dkt. # 37). "Regardless of whether the basis of the claim is an officially promulgated policy or an unofficially adopted custom, it must be the 'moving force behind the constitutional deprivation before liability may attach.'" *Fundiller*, 777 F.2d at 1442 (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820, 105 S.Ct. 2427, 2434–35, 85 L.Ed.2d 791 (1985)). The only allegation which specifically alleges involvement of the County states that the County, along with the Commission and Defendant Hunter, "began rewriting and revising the reduction-in-force procedures for the employees of the Planning Commission." Amend. Comp. ¶ 17. However, even if true, such allegation is insufficient to establish that the County was the "moving force" behind the constitutional deprivation.

■ In addition, Plaintiff's allegations that "many times she placed [the County] on notice of the actions which she alleges violate § 1983 and the [County] failed to take any corrective action to remedy or (sic) allegations of unlawful action," are not, as Plaintiff argues, sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff's Motion at 6 (Dkt. # 37). Such allegations, while they apply to the merit of the § 1983 claim itself, are not dispositive of this motion.

■ Finally, Plaintiff claims that her Amended Complaint "alleges that her failure to be promoted was not an isolated incident, as [the County] would argue, but rather the result of a pattern and practice which resulted from a pattern and practice of discrimination against females (sic)." Plaintiff's Motion at 7 (Dkt. # 37). However, Plaintiff's Amended Complaint states only that the County and the Commission "did not promote Plaintiff from her position as Planning technician solely on the basis of her sex." Amend.Comp. ¶ 56. This, standing alone, is not sufficient to allege that Plaintiff's failure to be promoted was the result of a pattern and practice of discrimination. Therefore, Plaintiff has failed to allege facts sufficient to support a claim for relief under 42 U.S.C. § 1983 against the County. Accordingly, it is

**ORDERED** that Hillsborough County's Motion to Dismiss be **DENIED** with respect to Count I for lack of subject matter jurisdiction, and with respect to Counts I, II, and III for improper party, and be **GRANTED** with respect to Count II for failure to state a claim upon which relief may be granted with leave to amend. Plaintiff has ten (10) days from the date of this order in which to file a second Amended Complaint correcting noted deficiencies or Count II will be dismissed with prejudice.

**DONE and ORDERED.**